```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

TOWER INSURANCE COMPANY OF NEW YORK,

                Plaintiff,

vs.                                     Case No. 2:12-cv-410-FtM-29SPC

JERRY B. BLOCKER, KIMBERLEA L. BLOCKER, J.B. RENTALS #2, INC., and MAGDONY IRENE GUZMAN, as personal representative of the estate of Carlos Alexander Brito Guzman, deceased,

                Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendants Jerry B. Blocker, Kimberlea L. Blocker, and J.B. Rentals, #2, Inc.'s Motion to Dismiss Amended Complaint for Declaratory Judgment (Doc. #19) filed on October 2, 2012. Plaintiff filed an Opposition (Doc. #23) on October 15, 2012. Also before the Court is defendants' Motion for Leave to Amend Its Motion to Dismiss Amended Complaint to Add Request for the Court to Deny Jurisdiction and Close Case (Doc. #27) and plaintiff's Response in Opposition (Doc. #29).

**I.**

Tower Insurance Company of New York (plaintiff or Tower Insurance) issued a Commercial General Liability insurance policy (the Policy) to Jerry Blocker, doing business as JB Rentals, for the period September 9, 2009 to September 9, 2010, insuring the interests of Jerry B. Blocker, Kimberlea L. Blocker and J.B.

Rentals #2, Inc. (the Blocker defendants).  The Policy provided bodily injury and property damage liability coverage, but contained an exclusion for bodily injury or property damage caused by assault and battery.  On December 19, 2009, Carlos Alexander Brito Guzman was stabbed and killed while a lawful invitee at the insured premises.  On or about October 5, 2011, Magdony Irene Guzman, as personal representative of the Estate of Carlos Alexander Brito Guzman (Guzman), filed a lawsuit against the Blocker defendants in Collier County Circuit Court, alleging in relevant part that defendants knew or should have known that the premises was in or constituted a high crime area.  Tower is providing a defense in that case, but under a reservation of rights.

Tower Insurance filed an Amended Complaint for Declaratory Relief (Doc. #18) in federal court setting forth two claims under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011.  Both claims relate to Tower Insurance's obligation to defend and/or indemnify the Blocker defendants in the state court lawsuit.  Tower Insurance seeks a declaration that (1) it has no duty to defend or indemnify the Blocker defendants in connection with the state court action because of the Policy's Assault and Battery Exclusion (Count I), and (2) the Policy is voidable because of a fraudulent misrepresentation made by Jerry B. Blocker in the Application for the Policy stating that no crimes or attempted crimes had occurred on the premises within the last 3 years preceding the application.

(Count II).  Subject matter jurisdiction is based on the complete diversity of citizenship.

**II.**

**A. Amended Motion**

As a preliminary matter, the motion for leave to amend the motion to dismiss will be granted.  The Court will consider the additional argument the Blocker defendants wish to present based on the unpublished case of U.S. Liab. Ins. Co. v. Stone Mgmt., LLC, No. 8:09-cv-1450-T-17TBM, 2009 WL 4015576 (M.D. Fla. Nov. 19, 2009).

In Stone Mgmt., the court exercised its "broad discretion" and declined to maintain jurisdiction over a declaratory action filed in federal court in favor of it proceeding in the "better suited" state court forum.  That case is not binding authority, Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991), and the undersigned does not find it persuasive. Assuming a district court has the same discretionary authority in a case brought under the Florida Declaratory Judgment Act as one sought under the federal Declaratory Judgment Act, Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942); Wilton v. Seven Falls Co., 515 U.S. 277 (1995), that discretion is best served by not dismissing the instant case. There is no "proceeding pending in the state court" which can better handle the question, as in Brillhart, 316 U.S. at 495.  The only case pending in state court will not need to address the

insurance issues raised in this case, and indeed the opposing parties in the state case would be on the same side of the insurance coverage issue. E.g., City of Vestavia Hills v. General Fid. Ins. Co., 676 F.3d 1310, 1314 (11th Cir. 2012)(normal alignment of parties in a declaratory judgment of non-coverage is insurer vs. insured and injured party).  The factors to be considered, Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-32 (11th Cir. 2005), virtually all weigh against dismissal.  Therefore, in the exercise of its discretion, the Court declines to dismiss this case.

**B. Failure to State a Claim for Declaratory Judgment**

Defendants seek to dismiss the Amended Complaint because Count II seeks an improper declaration that the Policy is "voidable," and improperly seeks resolution of disputed facts relating to fraudulent inducement.  Defendants argue that neither is the proper function of a declaratory judgment action under Florida law.  Plaintiff disagrees, as does the court.

It is clear under Florida law that an insurer may seek a declaratory judgment under the Florida Declaratory Judgment Act seeking to have its policy declared "voidable." Transp. Cas. Ins. Co. v. Soil Tech Distribs., Inc., 966 So. 2d 8 (Fla. 4th DCA 2007). It is also clear under Florida law that the need to resolve disputed facts does not bar declaratory relief under the Florida Declaratory Judgment Act.  Higgins v. State Farm Fire & Cas. Co.,

894 So. 2d 5, 12 (Fla. 2004); Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d 1279, 1292-93 (M.D. Fla. 2009). Therefore, the motion to dismiss will be denied.

Accordingly, it is now

**ORDERED**:

1. Defendants Jerry B. Blocker, Kimberlea L. Blocker, and J.B. Rentals, #2, Inc.'s Motion for Leave to Amend Its Motion to Dismiss Amended Complaint to Add Request for the Court to Deny Jurisdiction and Close Case (Doc. #27) is **GRANTED**, and the Court has considered the additional argument. The additional relief requested is **DENIED**.

2. Defendants Jerry B. Blocker, Kimberlea L. Blocker, and J.B. Rentals, #2, Inc.'s Motion to Dismiss Amended Complaint for Declaratory Judgment (Doc. #19) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of February, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record