IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

TOWER INSURANCE COMPANY OF NEW YORK,

Plaintiff,

v.

Case No. 2:12-CV-410-Ftm-29SPC

JERRY B. BLOCKER, KIMBERLEA L. BLOCKER; J. B. RENTALS, #2, INC.; and MAGDONY IRENE GUZMAN,

Defendant(s).
_____/

### DEFENDANTS JERRY B. BLOCKER, KIMBERLEA L. BLOCKER AND J.B. RENTALS, #2, INC.'S MOTION TO COMPEL DISCOVERY

**COME NOW**, the Defendants, JERRY B. BLOCKER, KIMBERLEA L. BLOCKER, and J.B. RENTALS, #2, INC., ("Defendants"), by and through undersigned counsel, who hereby move this Court for an Order Compelling Plaintiff, TOWER INSURANCE COMPANY OF NEW YORK, ("Plaintiff" or "Tower") to provide answers and documents responsive to discovery requests propounded upon Plaintiff by Defendants, and as grounds therefore would allege as follows:

1. Defendants served Plaintiff with the following on December 10, 2012:

   a. First Set of Interrogatories, attached hereto as **Exhibit "A"** (the "Interrogatories");

b. First Request for Production of Documents, attached hereto as **Exhibit "B"** (the "Production Request;" and together with the Interrogatories, the "Discovery Requests")

2. Plaintiff has provided some, but not all, answers and documents responsive the Discovery Requests. Copies of Plaintiff's Answers to Interrogatories and Response to Request for Production are attached hereto as **Exhibit "C"** and **Exhibit "D"**, respectively.

3. On February 3, 2013, in a good faith effort to resolve the discovery dispute, Defendants wrote to Tower's counsel asking for a reconsideration of Tower's objections to Discovery. A copy of the February 3 letter is attached hereto as **Exhibit "E"**.

4. Notwithstanding the February 3 letter, Tower has refused to provide responses to the Discovery Requests. A copy of Tower's reply letter is attached hereto as **Exhibit "F."**

5. Plaintiff has objected to or otherwise refused to provide the following answers to Interrogatories, for the reason asserted. For each of these Interrogatories, Defendants assert that they are justified to receive the answers for the reason asserted:

**Interrogatory #3: Provide the name, address and phone number of the employee, officer or agent of Tower who has the most information about the commercial real property insurance underwriting guidelines that were effect for Tower during the period from January 1, 2007, through December 31, 2009, for the area known generally as Immokalee, Collier County, Florida.**

**Plaintiff's Objection:** Overly broad and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

**Defendants' Assertion of Right:** At issue in Count II is whether Defendants misrepresented the crime history for the property. It is relevant for Defendants to determine who at Tower possesses the most knowledge about the underwriting guidelines, so that Defendants can determine whether Tower performed its own underwriting, and therefore, to what extent they relied on any alleged misrepresentation. Reliance is an element of the underlying Count II action – Fraudulent Misrepresentation.

**Interrogatory #4: Provide in detail the power and authority, if any, that Morstan General Agency of Florida, Inc, had to do the following on behalf of Tower during the period from January 1, 2007, through December 31, 2009:**

   a. **Accept applications for commercial real property insurance policies.**
   b. **Conduct due diligence for, and otherwise investigate, commercial real property insurance applications.**
   c. **Underwrite commercial real property insurance applications.**
   d. **Bind coverage for, or issue, commercial real property insurance applications**

**Plaintiff's Objection:** Overly broad and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

**Defendants' Assertion of Right:** At issue in Count I is the understandings between the parties at the time of Insurance Policy (contract) formation. At issue in Count II is the extent to which Defendants fraudulently misrepresented information to Tower. The face

of the Policy indicates that Morstan acted as broker for Tower. It is entirely relevant for the Defendants to understand the level of authority (ie, "agency") that Morstan had on behalf of Tower, in order to understand (a) to what extent Morstan may have misrepresented information to the Defendants or their agent (a potential additional Affirmative Defense to Count I that may evolve based on receipt of discovered materials); and (b) to what extent Morstan may have conducted its own underwriting which would negate the "reliance" prong of Count II, and thereby negate Plaintiff's claim of "fraudulent misrepresentation.

6.  Plaintiff has objected to or otherwise refused to provide documents responsive to the following requests Production Requests. For each of these Interrogatories, Defendants assert that they are justified to receive the answers for the reason asserted:

**Production Request #2**: **Copies of all Tower Insurance Company of New York's (retroactive to January 1, 2007) manuals, protocols, procedures, guidelines or similar tools that set forth the underwriting guidelines for the issuance of commercial property general liability insurance policies.**

**Plaintiff's Objection:** Response is overly broad in that they request records back to 2007; also that response is "premature due to the pending Motion to Dismiss" [D.E. #19]

**Defendants' Assertion of Right**: Defendants have communicated to Plaintiff that they will accept just those underwriting guidelines for 2009, and not 2007 and 2008. Plaintiff

nevertheless continued to refuse production. As to the "premature" argument, nothing in the Federal Rules provides such an excuse for non-production. The Case Management and Scheduling Order signed by Judge Steele states that discovery must be completed by May 17, 2013, and Defendants have every right to timely seek it. Furthermore, at this point, the Motion to Dismiss has been ruled upon by the Court [D.E. #35], and Defendants have filed their Answer and Defenses [D.E. #38]. Accordingly, any "premature" argument is now moot.

**Production Request #7: A copy of the complete insurance file for Tower Insurance Policy No. LA90100788-09, as it is kept and stored by Tower in the ordinary course of business, including any folders or other containers in which the file is kept.**

**Plaintiff's Objection:** Defendants' request is "unduly vague and ambiguous," since Tower maintains two – and not one – insurance files for this matter; also that it is "premature" due to the pending Motion to Dismiss.

**Defendants' Assertion of Right:** By Plaintiff's response, it is clear that Plaintiff understands full well what is being requested by Defendants. Defendants have no idea how Tower runs its business, and if there are "two files" rather than "one file," and Plaintiff by its own admission can identify these two files, Plaintiff should be required to produce these two files. A review of the complete insurance file as it is kept in the ordinary course of business cuts to the heart of both Counts I and II, and Defendants are entitled to have access to it, and to have an opportunity to amend their responsive

5

pleadings based on their review of the file.

As to the "premature" objection, nothing in the Federal Rules provides such an excuse for non-production. The Case Management and Scheduling Order signed by Judge Steele states that discovery must be completed by May 17, 2013, and Defendants have every right to timely seek it. Furthermore, at this point, the Motion to Dismiss has been ruled upon by the Court [D.E. #35], and Defendants have filed their Answer and Defenses [D.E. #38]. Accordingly, any "premature" argument is now moot.

**Production Request #9: Copies of all documents and agreements evidencing the business relationship between Plaintiff Tower Insurance Company of New York, and Morstan General Agency of Florida, Inc., whose address for identification purposes is 126 Lithia Pinecrest Road, Suite 201, Brandon, FL 33511.**

**Plaintiff's Objection**: Response is "premature due to the pending Motion to Dismiss" [D.E. #19]

**Defendants' Assertion of Right:** Nothing in the Federal Rules provides such an excuse for non-production. The Case Management and Scheduling Order signed by Judge Steele states that discovery must be completed by May 17, 2013, and Defendants have every right to timely seek it. Furthermore, at this point, the Motion to Dismiss has been ruled upon by the Court [D.E. #35], and Defendants have filed their Answer and Defenses [D.E. #38]. Accordingly, any "premature" argument is now moot.

**WHEREFORE,** the Defendants, JERRY B. BLOCKER, KIMBERLEA L. BLOCKER, and J.B. RENTALS, #2, INC, requests that this Honorable Court enter an Order compelling the Plaintiff, TOWER INSURANCE COMPANY OF NEW YORK, to respond to Defendants' Interrogatories and Production Request within such time frame as the Court may deem proper, and for such other relief as this Court deems proper.

## CERTIFICATION OF CONFERRAL WITH COUNSEL

I HEREBY CERTIFY this 21st day of February, 2013, that prior to serving this Motion to Compel, I have conferred or attempted to confer with counsel to Plaintiff in an effort to resolve the discovery dispute.

/s/ Steven J. Bracci
Steven J. Bracci, Esq.

**CERTIFICATE OF SERVICE**

The undersigned certifies filing a precise copy of this pleading by ECF, providing notice to opposing counsel of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notes of Electronic Filing.

This 21st day of February, 2013.

/s/ Steven J. Bracci
Steven J. Bracci, Esq.

**SERVICE LIST**

Jason M. Chodos, Esq.
Mound Cotton Wollan & Greengrass
101 N.E. Third Avenue, Suite 1500
Fort Lauderdale, Florida 33301
Florida Bar No. 025823
Email jchodos@moundcotton.com
Tel 954-467-5800
Fax 954-467-5880
Counsel for Plaintiff, Tower Insurance Company of New York
Service by transmission of Notice of Electronic Filing generated by CM/ECF