**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**


TOWER INSURANCE COMPANY OF NEW
YORK,


Plaintiff,                                                    Case No. 2:12-CV-410-Ftm-29SPC

v.

JERRY B. BLOCKER, KIMBERLEA L.
BLOCKER; J. B. RENTALS, #2, INC.; and
MAGDONY IRENE GUZMAN,


Defendant(s).
_____/


**DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

**COME NOW**, the Defendants, JERRY B. BLOCKER, KIMBERLEA L. BLOCKER,

and J.B. RENTALS, #2, INC., ("Defendants"), by and through undersigned counsel, and in

response to Plaintiff's Motion for Summary Judgment [D.E. 36], states as follows:

**SUMMARY JUDGMENT IS IMPROPER WHERE FACTS REMAIN IN DISPUTE AND**
**PLAINTIFF HAS NOT NEGATED DEFENDANTS' DEFENSES**

1.      The affirmative defenses asserted in Defendants' Answer and Defenses [D.E. 39]

raise several issues that have not been addressed by Plaintiff in its Motion for Summary

Judgment.  These include:

      a.  Defense #1:  Different interpretation of the Insurance Policy whereby Defendants

          contend that coverage does in fact exist because the "general rule" in the body of

          the policy is that coverage for damages "because of" bodily injury is covered; and

the "Assault and Battery Exclusion" does not exclude coverage for damages "because of" (ie, as a result of), bodily injury.

   b. Defense #2: Different interpretation of the Insurance Policy whereby Defendants contend that defense coverage does in fact exist because the "Assault and Battery Exclusion," when read *in pari materia* with several other policy exclusions, indicates that the policy covers <u>defense of</u> claims of negligence relating to a third party's commission of an assault and battery.

2.   Plaintiff has not negated any of these defenses.

3.   "In the absence of some proof contradicting an affirmative defense, entry of summary judgment is improper." <u>E. Qualcom Corp. v. Global Commerce Ctr. Ass'n, Inc.</u>, 59 So. 3d 347, 352 (Fla. 4th DCA 2011). "When a party raises affirmative defenses, a summary judgment should not be granted where there are issues of fact raised by the affirmative defenses which have not been effectively factually challenged and refuted. Thus, in order for a plaintiff to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses. In such instances, the burden is on the plaintiff, as the moving party, to demonstrate that the defendant could not prevail." *Alejandre v. Deutsche Bank Trust Co. Ams.,* 44 So.3d 1288 (Fla. 4th DCA 2010).[1]

---

[1] *See also* <u>Cufferi v. Royal Palm Dev. Co., Inc.</u>, 516 So. 2d 983, 984 (Fla. 4th DCA 1987) ("A summary judgment should not be granted where there are issues of fact raised by affirmative defense which have not been effectively factually challenged and refuted. *Johnson v. Headley,* 419 So.2d 401 (Fla. 4th DCA 1982); *Bunner v. Florida Coast Bank of Coral Springs, N.A.,* 390 So.2d 126 (Fla. 4th DCA 1980). In *Bunner,* this court said: In order for a plaintiff ... to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses. *Id.* at 127. *Aroll v. ITT Commercial Finance Corp.,* 496 So.2d 1011 (Fla. 3d DCA 1986); *O'Neal v.*

4.      Because Plaintiff has not demonstrated that the Defendants cannot prevail on their affirmative defenses, including without limitation the fact issues set forth therein, summary judgment is improper.

## SUMMARY JUDGMENT IMPROPER WHILE DISCOVERY IS STILL PENDING

5.      Discovery is still ongoing in this action.  Defendants served Plaintiff with a first set of Interrogatories and Request for Production.  [D.E. 40, Exhibits A and B, respectively].

6.      Plaintiff has objected to some of the interrogatories and requests for production. Consequently, Defendant has filed a still-pending Motion to Compel Discovery [D.E. 40] seeking, *inter alia*, the production of such basic documents as the "insurance file" itself.

7.      Plaintiff, in its objection to Production Requests 3, 7 and 9, argued that the Defendants' discovery requests were "premature."  [D.E. 40, Exhibit D].

8.      Plaintiff, in its objection to Interrogatories #1, #3, and #4, and Production Request #1, objected on various grounds due to the fact that Defendants erroneously requested discovery pertaining to "property insurance policies" rather than "commercial general liability insurance policies."  [D.E. 40, Exhibits C and D].  Consequently, on February 5, 2013, Defendants served Plaintiff with a second set of Interrogatories and Production Requests, repeating the original requests, but properly referencing "commercial general liability insurance policies."  To date, Defendants have not received any answer or response to these second discovery requests.

9.      Depending on the contents of the discovered materials, Defendants may be able to seek leave to assert additional defenses to Plaintiff's claims, including without limitation, acts of

---

*Brady,* 476 So.2d 294 (Fla. 3d DCA 1985); *First Mortgage Investors v. Boulevard National Bank of Miami,* 327 So.2d 830 (Fla. 3d DCA 1976); *Howdeshell v. First National Bank of Clearwater,* 369 So.2d 432 (Fla. 2d DCA 1979). The burden is on the plaintiff, as the moving party, to demonstrate that the defendant could not prevail. *Moore v. Morris,* 475 So.2d 666 (Fla.1985); *Holl v. Talcott,* 191 So.2d 40 (Fla.1966)")

fraudulent misrepresentation or violation of Florida's Fraudulent, Deceptive and Unfair Trade Practices Act, §501.201, *et seq.*, <u>Fla. Stat.</u>, that would allow as a remedy that the Insurance Policy be reformed to provide coverage for the subject incident, or alternatively, that the Court declare that the Plaintiff remain liable to the Defendants for the amount of any damage for fraudulent or deceptive non-coverage. Such reformation of terms would be relevant to any final disposition of this matter by declaratory judgment.

10.     Furthermore, at issue in this dispute is not simply what the Insurance Policy means, but <u>what was the understanding of the parties</u> at the time that the Insurance Policy was entered into. For instance, was there any misrepresentation on the party of Tower? Was the wording of the policy and its "Assault and Battery Exclusion" deceptive to objective consumers such as the Defendants? Did Plaintiff allow Defendants an opportunity to propose revisions to the final issued policy? Defendants are entitled to an opportunity develop their defenses through discovery, particularly when Tower has (a) refused to even provide the Defendants with a copy of the complete insurance file; and (b) as recently as January 30, 2013, asserted its objection that discovery was at that point "premature."

11.     Applicable law on this matter is clearly set forth in <u>Jones v. City of Columbus, Ga.</u>, 120 F.3d 248, 253 (11th Cir. 1997):

> The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion. *See, e.g., Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 870-71 (11th Cir.1988); *WSB-TV v. Lee,* 842 F.2d 1266, 1269 (11th Cir.1988). In *Snook,* this court stated:
>
> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits.... If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity

to utilize the discovery process to gain access to the requested materials.... Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

859 F.2d at 870 (citations omitted). In that case, the district court had granted the defendants' motion for summary judgment without ruling on the plaintiffs' motion to compel discovery. This court reversed the judgment and remanded the case for reconsideration of the motion for summary judgment on an adequate record.[2]

12.     It is also improper to grant summary judgment while Defendants' Motion to Compel is pending [D.E. 40].  To reiterate, Plaintiff has even objected to the production of the insurance file itself, along with other relevant and pertinent information that Defendants have requested in order to develop their defenses.  "As a general rule, it is premature to grant a motion for summary judgment where the opposing party has not completed its discovery and there are discovery motions pending before the court…. When the record becomes clear enough to disclose that further discovery is not needed to develop significant aspects of the case and that

---

[2] *See also* Payne v. Cudjoe Gardens Prop. Owners Ass'n, Inc., 837 So. 2d 458, 461 (Fla. 3d DCA 2002) ("It is axiomatic that Summary Judgment may not be granted unless the moving party is able to show that no genuine issues of material fact exist. *See Holl v. Talcott,* 191 So.2d 40, 43-44 (Fla.1966); *Kemper v. First Nat'l Bank of Dayton, Ohio,* 277 So.2d 804 (Fla. 3d DCA 1973). Where discovery is not complete, the facts are not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist. *See Singer v. Star,* 510 So.2d 637, 639 (Fla. 4th DCA 1987). Thus, where discovery is still pending, the entry of Summary Judgment is premature. *See Smith v. Smith,* 734 So.2d 1142, 1144 (Fla. 5th DCA 1999)("Parties to a lawsuit are entitled to discovery as provided in the Florida Rules of Civil Procedure including the taking of depositions, and it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending."); *Henderson v. Reyes,* 702 So.2d 616, 616 (Fla. 3d DCA 1997)(reversing the entry of Summary Judgment where depositions had not been completed and a request for the production of documents was outstanding.); *Collazo v. Hupert,* 693 So.2d 631, 631 (Fla. 3d DCA 1997) (holding that a trial court should not entertain a motion for summary judgment while discovery is still pending); *Spradley v. Stick,* 622 So.2d 610, 613 (Fla. 1st DCA 1993); *Singer v. Star,* 510 So.2d 637 (Fla. 4th DCA 1987).")

such discovery is not likely to produce a genuine issue of material fact, discovery should be ended." Colby v. Ellis, 562 So. 2d 356, 357 (Fla. 2d DCA 1990).

13.    Because discovery is still pending, summary judgment is improper.

*WHEREFORE,* for the reasons set forth herein, Defendants respectfully request that this Court deny Plaintiff's Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

The undersigned certifies filing a precise copy of this pleading by ECF, providing notice to opposing counsel of record.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notes of Electronic Filing.

This 22nd day of February, 2013.

By:   /s/ Steven J. Bracci
Steven J. Bracci, Esq.
Florida Bar No. 157562
STEVEN J. BRACCI, PA
2590 Northbrooke Plaza Drive, Suite 208
Naples, Florida  34119
Telephone:  (239) 596-2635
Facscimile:  (239) 431-6045
E-mail:  steve@braccilaw.com
*Attorney for Defendants Jerry B. Blocker,*
*Kimberlea L. Blocker and J.B. Rentals #2, Inc.*

# SERVICE LIST

Jason M. Chodos, Esq.
Mound Cotton Wollan & Greengrass
101 N.E. Third Avenue, Suite 1500
Fort Lauderdale, Florida 33301
Florida Bar No. 025823
Email jchodos@moundcotton.com
Tel 954-467-5800
Fax 954-467-5880
Counsel for Plaintiff, Tower Insurance Company of New York
Service by transmission of Notice of Electronic Filing generated by CM/ECF