UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOWER INSURANCE COMPANY OF
NEW YORK,

      Plaintiff,

v.                                        Case No:  2:12-cv-410-Ftm-29SPC

JERRY B. BLOCKER, KIMBERLEA L.
BLOCKER, J.B. RENTALS 2, INC. and
MAGDONY IRENE GUZMAN,

      Defendants.

_____/

## ORDER

This matter comes before the Court on Defendants Jerry B. Blocker, Kimberlea L. Blocker and J.B. Rentals, #2, Inc.'s Motion to Compel (Doc. #40) filed on February 21, 2013. The Defendant moves the Court to compel two interrogatories and three production requests served to Plaintiff Tower Insurance Company of New York.  Plaintiff filed its Response in Opposition to Defendants' Motion to Compel and Incorporated Memorandum of Law on March 11, 2012.  (Doc. #45).  The Motion to Compel is now fully briefed and ripe for the Court's review.

On or around December 10, 2012, Defendants served Plaintiff with their First Set of Interrogatories (Doc. #40-1) and First Request for Production of Documents (Doc. #40-2). Plaintiff responded to discovery requests on January 30, 2013. (Doc. #40-3, #40-4).   On February 3, 2013, Defendants asked Plaintiff to reconsider its objections to the interrogatories and production requests.  (Doc. #40-5).  On February 8, 2013, Plaintiff responded that it will not withdraw its objections, but enclosed supplemental production for Production Request Nos. 1

and 4-8.  (Doc. #40-6).  Defendants have filed the instant Motion to Compel the answers to

Interrogatories No. 3 and 4, and responsive documents to Production Request No. 2, 7, and 9.

Federal Rules of Civil Procedure 33 and 34 generally cover Requests for Production and

Interrogatories, including timing, etc. *See* Fed. R. Civ. P. 33, 34.  If the serving party does not

receive a response to their interrogatories and request for production, then the serving party may

request an order compelling disclosure.  Fed. R. Civ. P. 37(a).  Whether or not to grant the

motion to compel is at the discretion of the trial court.  <u>Commercial Union Ins. Co. v. Westrope</u>,

730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion will be sustained

absent a find of abuse of discretion to the prejudice of a party.  <u>Id.</u>

*Defendants' Interrogatory Nos. 3-4*

Defendants' Interrogatory No. 3 states:

> Provide the name, address and phone number of the employee, officer or agent of
> Tower who has the most information about the commercial real property
> insurance underwriting guidelines that were [in] effect for Tower during the
> period from January 1, 2007, through December 31, 2009, for the area known
> generally as Immokalee, Collier County, Florida.

(Doc. #40-1).

Plaintiff's Response to Interrogatory No. 3 states:

> Tower objects to this Interrogatory on the grounds that it is overbroad and seeks
> information that is irrelevant and not reasonably calculated to lead to the
> discovery of admissible evidence.  As issue in this case is Tower's obligation, if
> any, to defend and/or indemnify the defendants in the Guzman action under
> commercial general liability Policy No. LA90100788-09.  This case does not
> involve property damage and therefore does not implicate the terms, conditions or
> other provisions of any first-party property policy(ies) issued by Tower.  Whether
> Tower agreed to provide first-party property coverage for other insureds'
> structures in Immokalee and, if so, the nature of the underwriting process, has no
> bearing upon whether Tower has a duty to defend and/or indemnify these insureds
> in the Guzman action, which involves bodily injury and not property damage.

(Doc. #40-3).

Upon review of these specific requests at issue, the Court finds that Interrogatory No. 3 is relevant and reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. 26 states in pertinent part:

> [u]nless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) In General.  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Here, the information sought by Defendants is relevant and may lead to discovery of admissible evidence.  Defendants assert that the answer to Interrogatory No. 3 is relevant as it relates to Count II of the Complaint regarding whether Defendants misrepresented the crime history for the property.  (Doc. #40, p. 3).  Defendants state the information requested is relevant to determine who at Tower possess the most knowledge about the underwriting guidelines, so that Defendants can determine whether Plaintiff performed its own underwriting and to what extent they relied on any alleged misrepresentation.  (Doc. #40, p. 3).  Plaintiff argues that Defendants' argument ignores the fact that the policy at issue is not a property policy.  However, obtaining the identity of the person at Tower with the most knowledge about the underwriting guidelines is relevant as it relates to the policy at issue and may lead to the discovery of admissible evidence.  The interrogatory seeks information to the claim of misrepresentation in Count II of the Complaint which the Defendant will have to defend.  Thus, the Motion to Compel an Answer to Interrogatory No. 3 is due to be granted.

Defendants' Interrogatory No. 4 states:

Provide in detail the power and authority, if any, that Morstan General Agency of Florida, Inc. had to do the following on behalf of Tower during the period from January 1, 2007, through December 31, 2009:

   a.  Accept applications for commercial real property insurance policies.

   b.  Conduct due diligence for, and otherwise investigate, commercial real property insurance applications.

   c.  Underwrite commercial real property insurance applications.

   d.  Bind coverage for, or issue, commercial real property insurance applications.

(Doc. #40-1).

Plaintiff's Response to Interrogatory No. 4 states:

a-d. Tower objects to this Interrogatory on the grounds that it is overbroad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  At issue in this action is Tower's obligation, if any, to defend and/or indemnify the defendants in the Guzman action under commercial general liability Policy No. LA90100788-09.  This case does not involve property damage and therefore does not implicate the terms, conditions or other provisions of any first-party property policy(ies) issued by Tower.  Whether Tower agreed to provide first-party property coverage for other insureds' structures in Immokalee and, if so, the authority of Morstan General Agency of Florida, Inc. in connection with the underwriting of any such policy(ies), has no bearing upon whether Tower has a duty to defend and/or indemnify these insureds in the Guzman action, which involves bodily injury and not property damage.

(Doc. #40-3).

Plaintiff asserts the same response to this request as Interrogatory No. 3.  However, for the reasons stated above, the responses sought in Interrogatory No. 4 are relevant and could lead to the discovery of admissible evidence.  Defendants assert the answer to Interrogatory No. 4 is relevant as Defendants need to understand the level of authority that Morstan had on behalf of Tower in their claim for misrepresented information in Count I.  (Doc. #40, p. 4).  Additionally, the information sought in Interrogatory No. 4 is relevant to help the Defendant understand to what extent Morstan may have conducted its own underwriting which would negate the reliance prong of Count II.  (Doc. #40, p. 4).

Furthermore, the Court finds that Interrogatories Nos. 3 and 4 are not overly broad. Defendants' have narrowly tailored these requests and specifically limited them to a specific identity of one person in Interrogatory No. 3 and the authority of Morstan General Agency of Florida in specific instances in Interrogatory No. 4 between 2007 and 2009. Accordingly, the Court grants Defendants' Motion to Compel with respect to Interrogatories Nos. 3 and 4. Plaintiff shall have twenty days to provide responses to such interrogatories.

### *Defendants' Request for Production Nos. 2, 7 and 9*

Defendants' request documents responsive to Production Request Nos. 2, 7 and 9.

Defendants Request No. 2 requests:

> Copies of all Tower Insurance Company of New York's (retroactive to January 1, 2007) manuals, protocols, procedures, guidelines or similar tools that set forth the underwriting guidelines for the issuance of commercial property general liability insurance policies.

(Doc. #40-2).

Plaintiff's Response to Request No. 2 states:

> Tower objects to this Request on the grounds that it is overbroad. The policy period for Policy No. LA90100788-09 is September 9, 2009 to September 9, 2010. This Request, however, requires Tower to produce its underwriting manuals, protocols, procedures and guidelines dating back to January 1, 2007, *i.e.* almost three years prior to the date that the commercial general liability policy at issue incepted.
>
> Tower also objects to this Request on the grounds that it is premature. On October 2, 2012, the Blockers filed a motion to dismiss [D.E. 19] Count II of Tower's Amended Complaint, which alleges fraudulent inducement. The motion to dismiss Count II remains pending before the Court. If the Blockers are ultimately successful in their motion, the materials sought in this Request will be irrelevant to the remaining issue in this action, *i.e.* whether the Policy's assault and battery exclusion relieves Tower of any duty to defend (and, by extension, any duty to indemnify) its insureds in the Guzman action. Accordingly, in light of the pending motion to dismiss, Tower will not be producing documents responsive to this Request at this time and will supplement its response once the Court decides the motion to dismiss.

(Doc. #40-2).

Defendants state they have communicated to Plaintiff that they will accept the underwriting guidelines for 2009, and not 2007 and 2008. (Doc. #40, p. 4).  The Plaintiff stated in its motion that it has made available the Commercial Insurance Application dated September 9, 2009, which contained its underwriting file.  Plaintiff has stated that the information produced relates to premises and operations liability coverage and potential liability hazards considered during the underwriting process, including security issues and assault and battery.  As such, Request No. 2 is now moot.

Defendants Request No. 7 requests:

A copy of the complete insurance file for Tower Insurance Policy No. LA90100788-09, as it is kept and stored by Tower in the ordinary course of business, including any folders or other containers in which the file is kept.

(Doc. #40-2).

Plaintiff's Response to Request No. 7 states:

Tower objects to this Request on the grounds that it is unduly vague and ambiguous.  Tower does not maintain a single "insurance file" for Tower Insurance Policy No. LA90100788-09[.]  Rather, in connection with this policy, Tower maintains (1) an underwriting file; and (2) a claim file.

With regard to the underwriting file, Tower objects to this Request on the grounds that it is premature. On October 2, 2012, the Blockers filed a motion to dismiss [D.E. 19] Count II of Tower's Amended Complaint, which alleges fraudulent inducement.  The motion to dismiss Count II remains pending before the Court. If the Blockers are ultimately successful in their motion, the materials sought in this Request will be irrelevant to the remaining issue in this action, *i.e.* whether the Policy's assault and battery exclusion relieves Tower of any duty to defend (and, by extension, any duty to indemnify) its insureds in the Guzman action. Accordingly, in light of the pending motion to dismiss, Tower will not be producing its underwriting file at this time and will supplement its response once the Court decides the motion to dismiss.

With respect to the claim file, Tower objects to this Request on that grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is premature.  At issue in this action is Tower's

obligation, if any, to defend its insureds in the Guzman action under commercial general liability Policy No. LA9010078-09. An insurer's duty to defend is determined by examining only the complaint and the insurance policy at the issue. This is sometimes referred to as the "Eight Corners Rule." Because the contents of Tower's claim file has no bearing upon Tower's duty to defend its insureds in the Guzman action, it is irrelevant to this action. Furthermore, Tower's duty to indemnify its insureds in the Guzman action has not ripened because there has been no settlement or judgment in that action. The duty to indemnify will be determined in this case only to the extent that the Court finds that Tower does not owe a duty to defend its insureds, since the duty to defend is broader than the duty to indemnify. Therefore, Tower will not be producing its claim file in response to this Request.

Subject to and without waiving the foregoing objections, Tower states that it will make the Commercial Insurance Application dated September 9, 2009, which is contained within its underwriting file, available for inspection and copying.

(Doc. #40-4).

Plaintiff states that it agreed to supplement its production and, contemporaneously with filing its response, has produced a copy of its underwriting file for the policy at issue. (Doc. #45, p. 9). Plaintiff's letter (Doc. #40-6) also states that Plaintiff has made its response to Request No. 7 available to Defendants. As such, Request to No. 7 is now moot.

Defendants' Request No. 9 requests:

Copies of all documents and agreements evidencing the business relationship between Plaintiff Tower Insurance Company of New York, and Morstan General Agency of Florida, Inc., whose address for identification purposes is 126 Lithia Pinecrest Road, Suite 201, Brandon, FL 33511.

(Doc. #40-4).

Plaintiff's Response to No. Request No. 9 states:

Tower objects to this Request on the grounds that it is premature. On October 2, 2012, the Blockers filed a motion to dismiss [D.E. 19] Count II of Tower's Amended Complaint, which alleges fraudulent inducement. The motion to dismiss Count II remains pending before the Court. If the Blockers are ultimately successful in their motion, the materials sought in this Request will be irrelevant to the remaining issue in this action, *i.e.* whether the Policy's assault and battery exclusion relieves Tower of any duty to defend (and, by extension, any duty to indemnify) its insureds in the Guzman action. Accordingly, in light of the

pending motion to dismiss, Tower will not be producing documents responsive to this Request at this time and will supplement its response once the Court decides the motion to dismiss.

(Doc. #40-4).

Plaintiff states a copy of the agreement between Tower and Morstan that was in effect during the underwriting of the policy at issue was produced on March 7, 2013, as part of Plaintiff's responses to the Second Set of Interrogatories served by the Defendants on February 5, 2013.  (Doc. #45, p. 10).  The production of such document was after Defendants' motion was filed.  As such, the Request to No. 9 is now moot.

Accordingly, it is now

**ORDERED:**

Defendants Jerry B. Blocker, Kimberlea L. Blocker and J.B. Rentals, #2, Inc.'s Motion to Compel (Doc. #40) is **GRANT in part** and **DENIED in part**.

(1) Defendants' Jerry B. Blocker, Kimberlea L. Blocker and J.B. Rentals, #2, Inc.'s request to Compel Answers to Interrogatories Nos. 3 and 4 is **GRANTED.**  Plaintiff shall have up to and including **April 12, 2013,** to provide responses to this Order.

(2) Defendants' Jerry B. Blocker, Kimberlea L. Blocker and J.B. Rentals, #2, Inc.'s request to Compel Production Requests No. 2, 7, and 9 is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of March, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record