UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOWER INSURANCE COMPANY OF NEW YORK,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　Case No. 2:12-cv-410-FtM-29UAM

JERRY B. BLOCKER, KIMBERLEA L. BLOCKER, J.B. RENTALS #2, INC., and MAGDONY IRENE GUZMAN, as personal representative of the estate of Carlos Alexander Brito Guzman, deceased,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #36) filed on February 8, 2013. Defendants Jerry B. Blocker, Kimberlea L. Blocker, and J.B. Rentals, #2, Inc. (the Blockers) filed a Response (Doc. #41) on February 22, 2013, and plaintiff elected not to file a reply.[1]

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if

---

[1] Plaintiff was granted leave to file a reply and defendants were granted leave to file a sur-reply thereafter. (Doc. #43.) Plaintiff filed a Notice Regarding Reply Memorandum (Doc. #44) indicting that it would not be submitting a reply memorandum.

the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).

**II.**

Plaintiff Tower Insurance Company of New York (Tower or plaintiff) issued a Commercial General Liability insurance policy (the Policy), Policy No. LA90100788-09, to "Jerry Blocker dba JB Rentals" for the September 9, 2009 to September 9, 2010 policy period on the identified premises at 707 Colorado Avenue (the Premises), Immokalee, Florida 34142.  (Doc. #18, ¶ 10; Doc. #39, ¶10.)  Plaintiff is currently defending Jerry B. Blocker, Kimberlea L. Blocker and J.B. Rentals #2, Inc. (defendants or Blockers) in a underlying wrongful death action filed by Magdony Irene Guzman (Guzman), personal representative of the Estate of her son, decedent Carlos Alexander Brito Guzman (a minor), against the Blockers for a stabbing death that occurred on the insured premises

during the policy period.² (Doc. #18, ¶¶ 16, 22-23; Doc. #39, ¶¶ 16, 22-23.)

Plaintiff filed a two count Amended Complaint for Declaratory Judgment (Doc. #18) seeking judgment declaring that it has no duty to defend or indemnify defendants in connection with the underlying action (Count I), and in the alternative, to have the Policy declared voidable based upon the fraudulent misrepresentation in the Application for the Policy that no crimes have occurred or been attempted on the Premises within the last three years (Count II). Plaintiff only seeks summary judgment as to Count I based on the express language in the Policy excluding assault and battery from coverage. In their response, defendants assert that their defenses in the (Corrected) Answer and Affirmative Defenses (Doc. #39) are not addressed or negated by plaintiff's motion for summary judgment. Defendants further respond that summary judgment is premature because discovery is ongoing and at the preliminary stages.

The affirmative defenses at issue with regard to Count I (#1 and #2) relate to defendants' interpretation of the terms of the Policy, but do not dispute any of the material facts.³ The

---

²J & K Rental Ventures, Inc. and J. Brian Homes, Inc. are also named, but are not insureds or parties to this declaratory action.

³Defendants argue that the "exclusion" to the "general rule" does not apply to the "act" of "bodily injury" and is silent as to
(continued...)

interpretation of an insurance contract is a question of law. Kattoum v. New Hampshire Indem. Co., 968 S. 2d 602, 604 (Fla. 2d DCA 2007). Additionally, as to affirmative defense #5, no affidavit or declaration is provided demonstrating that defendants cannot "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). As the material facts for Count I are undisputed, the Court finds that consideration of the summary judgment as to Count I is appropriate.

Plaintiff's duty to indemnify is determined by the underlying facts of the case, while the duty to defend is controlled by the allegations of the Complaint against the insured. State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1077 n.3 (Fla. 1998). "Courts thus must determine the existence of a duty to defend based solely on the allegations in the complaint, with all doubts resolved in favor of the insured." First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 F. App'x 777, 782 (11th Cir. 2008). This is "even if the allegations in the complaint are inconsistent with the actual facts or completely meritless. [ ]

---

[3](...continued)
damages owed "because of" bodily injury as provided for under the "general rule" of the Policy. (Doc. #39, ¶ 45.) Defendants further argue that when read with the other exclusions in the Policy, the Assault and Battery Exclusion is phrased differently and does not state that it will not cover or defend any "claims", while the other exclusions specifically exclude a defense for any "claims". (Id., ¶ 46.)

-4-

This duty would extend to all claims, even those not within the scope of coverage." Id. (internal citation omitted).

The undisputed facts in the underlying suit are as follows: On or about December 19, 2009, at approximately 3:15 A.M., Carlos Alexander Brito Guzman (Carlos Guzman) was a lawful invitee at 707 Colorado Avenue, Immokalee, Florida 34142 (the Premises) when he was stabbed and killed. (Doc. #18-2, ¶¶ 5, 12, 13.) On or about October 5, 2011, Magdony Irene Guzman (Guzman), personal representative of the Estate of her son, decedent Carlos Guzman (a minor), filed a wrongful death[4] suit against the Blockers in Collier County Circuit Court. (Doc. #18-2, ¶ 2; Doc. #18, ¶ 16; Doc. #39, ¶ 16.) The underlying suit alleges that defendants owed a duty to exercise reasonable care to keep and maintain the Premises in a reasonably safe condition; and that defendants knew or should have known that the Premises was in a high crime area and that criminal acts or attacks were reasonably likely to be perpetrated unless defendants took steps to deter and prevent criminal acts and otherwise provide proper security. It is further alleged, as a result, that defendants proximately caused injury to Carlos Guzman causing damages. (See generally Doc. #18-2.)

Before considering whether plaintiff has a duty to defend, the Court will consider the language of the Policy itself to first determine coverage in light of the underlying facts. Underwriters

---

[4]The Wrongful Death Act, Fla. Stat. § 768.16, et seq.

at Lloyds London v. STD Enters., Inc., 395 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005). "Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties, and ambiguities are interpreted liberally in favor of the insured and strictly against the insurer who prepared the policy." Westmoreland v. Lumbermens Mut. Cas. Co., 704 So. 2d 176, 179 (Fla. 4th DCA 1997)(citation omitted). "Although ambiguous provisions are construed in favor of coverage, to allow for such a construction the provision must actually be ambiguous." Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005).

The Policy Coverage Form in this case provides that plaintiff, as the insurer,

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Plaintiff] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [Plaintiff] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or property damage" to which this insurance does not apply.

(Doc. #18-1, p. 23.) The insurance coverage only applies if the "bodily injury", which includes death resulting from bodily injury, "is caused by" an "occurrence" that takes place in the "coverage territory". (Id., pp. 23, 33.) An "occurrence" is an "accident, including continuous or repeated exposure to substantially the same general harmful conditions". (Id., p. 35.) Neither an "accident"

nor a "general harmful condition" are defined in the Policy, however, the Florida Supreme Court has determined that "accident", when undefined, "encompasses not only "accidental events," but also injuries or damage neither expected nor intended from the standpoint of the insured." State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1076 (Fla. 1998).

The only known facts are that Carlos Guzman was stabbed and killed while an invitee on the Premises in a high crime area. The assailant is not identified, and neither is the assailant's relationship to any of the parties. Read liberally and in a light most favorable to the insured, the Court finds that the stabbing constituted a "bodily injury" that was caused by an "occurrence" for purposes of general coverage.

Having found coverage under the general provision, the Court must still consider the applicability of any exclusions to the general provisions of the Policy. "[E]xclusionary clauses in liability insurance policies are always strictly construed." Westmoreland, 704 So. 2d at 179. If a Policy is "clear and unambiguous", it will be enforced according to its terms, whether a general provision or an exclusionary provision. Taurus Holdings, 913 So. 2d at 532. An Endorsement modifies the coverage to exclude "Bodily Injury" "arising from, due to or caused by:"

> (1) Assault and/or Battery committed by any insured, any employee of any insured, any patron or customer of the insured, or any other person; or

>    (2) The failure to suppress or prevent any Assault and/or Battery or any act or omission in connection with any Assault and/or Battery; or
>
>    (3) The negligent hiring, supervision or training of any employee or agent of the insured with respect to the events described in (1) and (2) above.

(Id., p. 20.)  Strictly construed, bodily injury is excluded from coverage if "arising from", "due to", or "caused by"[5] assault and/or battery by an insured, employee of an insured, a patron or customer of the insured, or "any other person".  Plaintiff cites to the common meanings of assault and battery under Florida law as the terms are undefined in the Policy.  Defendants do not dispute the meaning of assault and/or battery, or that the stabbing death was an assault and/or battery.[6]  Thus, the stabbing by the unknown assailant is assault and battery caused by another person and falls well within the Policy exclusion.

---

[5] The term "arising out of" is broader than the term "caused by" and means "originating from" or "having a connection with" and requires more than mere coincidence, a causal connection, between the conduct and the injury, but not does not require proximate cause.  Taurus Holdings, 913 So. 2d at 539-540.

[6] As defined under Florida law, "[a]n "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."  Fla. Stat. § 784.011(1).  A battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other;" or, "[i]ntentionally causes bodily harm to another person."  Fla. Stat. § 784.03(1)(a).

Cases in Florida have consistently found the exclusion to apply even when the underlying action is couched in terms of negligence by the insured with regard to the premises. See, e.g., Burlington Ins. Co. v. Normandy Gen. Partners, LLC, No. 12-60628-CIV, 2013 WL 1891277 (S.D. Fla. May 6, 2013)(finding that claim of failure to maintain safe premises arose from the assault and battery); Miami Beach Entm't, Inc. v. First Oak Brook Corp. Syndicate, 682 So. 2d 161, 162 (Fla. 3d DCA 1996)(no duty to defend because injuries arose from the assault and battery); Britamco Underwriter's, Inc. v. Zuma Corp., 576 So. 2d 965 (Fla. 5th DCA 1991)(same). Courts have also found the exclusion applies under similar policy language. See, e.g., Founders Ins. Co. v. Cortes-Garcia, 8:10-cv-2286-T-17AEP, 2012 WL 2505917 (M.D. Fla. June 28, 2012)(finding no duty to defend an assault and battery by a patron leading to death); Those Certain Underwriters at Lloyd's London Who Subscribe to Policy No. TCN 002547 v. Karma Korner, LLC, 6:10-CV-830-ORL-28, 2011 WL 1150466 (M.D. Fla. Mar. 28, 2011)(finding no coverage for shooting death based on definitions of assault and battery).

Based on the plain language of the Policy, bodily injury that is causally connected to an assault and battery by "any other person" is excluded from coverage. This is what is alleged to have occurred in this case. Because coverage is excluded, there can be

no duty to defend. Summary judgment is granted as to Count I. The alternative Count II will be dismissed without prejudice as moot.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Motion for Summary Judgment (Doc. #36), as to Count I, is **GRANTED.**

2.  The Clerk shall enter judgment as to Count I in favor of plaintiff and against defendants Jerry B. Blocker, Kimberlea L. Blocker, and J.B. Rentals, #2, Inc. declaring that plaintiff has no duty to defend defendants in connection with the underlying action; and dismissing Count II without prejudice as moot.

3.  Plaintiff shall move for a default judgment or dismiss defendant Magdony Irene Guzman within **SEVEN (7) DAYS** of this Order pursuant to the November 26, 2012 Order (Doc. #32).

4.  The Clerk shall terminate all pending deadlines as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of July, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record